**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROCCO GENOVA, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>    -against-<br><br>CREDIT CONTROL, LLC, BUREAUS INVESTMENT GROUP PORTFOLIO NO 15, and JOHN DOES 1-25<br><br>      Defendant. | Civil Action Number:<br><br><br>   **CIVIL ACTION**<br><br> **CLASS ACTION COMPLAINT**<br>     **AND**<br> **DEMAND FOR JURY TRIAL** |

Plaintiff ROCCO GENOVA (hereinafter, "Plaintiff"), a resident of the State of New Jersey, brings this class action complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendants CREDIT CONTROL, LLC (hereinafter "CCLLC"), BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 (hereinafter "BIGP"), and JOHN DOES 1-25 (hereinafter collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of all New Jersey consumers seeking redress for Defendants' actions of using an unfair and unconscionable means to collect a debt.

4. Defendants' actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## LEGISLATIVE HISTORY OF THE FDCPA

6. Congress enacted the FDCPA to curb the widespread and serious problem of debt collection abuse. See *Senate Report No. 95-382 on the Fair Debt Collection Practices Act.*

7. Congress found that independent debt collectors are the prime source of egregious collection practices. *Id.*

8. Another significant feature of the FDCPA, is its provisions in §1692g, which requires consumers with a validation right which will curb the recurring problem of debt collectors attempting to collect a debt that has already been paid or partially paid. *Id* at 4.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. CCLLC is a corporation incorporated in the State of Missouri engaged in the business of debt collection, with its principal place of business located in 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042.

11. Upon information and belief, CCLC is a company that uses the mail, telephone, and

facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. CCLC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. BIGP is a debt purchaser that purchases defaulted credit card debts incurred or allegedly incurred for personal, family, or household purposes.

14. In connection with its debt servicing operations, BIGP routinely hires other debt collectors, such as CCLLC, to send dunning letters to consumers in an effort to collect money an alleged defaulted debt purchased by BIGP.

15. BIGP is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

16. JOHN DOES 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

17. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New Jersey consumers who were sent collection letters and/or notice from CCLLC attempting to collect a consumer debt owed or allegedly owed to BIGP, that states in part "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment" in violation of 15 U.S.C. §1692g.

- The Class period begins one year to the filing of this Action.

18. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.    Whether Defendant violated various provisions of the FDCPA;

  b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to January 07, 2016, an obligation was allegedly incurred by Plaintiff to Capital One, N.A..

21. The Capital One, N.A. obligation arose out of an alleged claim for unpaid student loans, a transaction in which money, property, insurance or service, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. The alleged Capital One, N.A. obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23. Capital One, N.A. is a "creditor" as defined by 15 U.S.C. §1692a(4).

24. On or about January 31, 2015, Capital One, N.A. charged off the alleged debt.

25. Upon information and belief, at the time the alleged debt was charged off, Capital One, N.A. had no intention of continuing to charge interest on the account.

26. Sometime after January 31, 2015, Capital One, N.A. sold the alleged debt to BIGP.

27. BIGP directly or through an intermediary contracted CCLLC to collect the alleged debt.

28. Defendants contend that the alleged debt is in default.

29. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal service, telephone and internet.

30. On or about January 07, 2016, the Defendant caused to be delivered to the Plaintiff a collection letter (the "Letter") in an attempt to collect the alleged debt. *See* **Exhibit A.**

31. The Letter was sent or caused to be sent by persons employed by CCLC as a "debt collector" as defined by 15 U.S.C. §1692a(6).

32. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

33. The Letter attempts to provide the Validation Notice as required by 15 U.S.C. §1692g by

    stating in part:

    If you notify this office in writing within 30 days from receiving this notice, this office
    will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of
    such verification or judgment.

34. The Plaintiff, as would any least sophisticated consumer, read the above statement and

    inferred that the only way to obtain verification of the debt or a copy of a judgment, the

    Plaintiff must dispute the entirety of the debt.

35. As the alleged debt includes principal, interest, and possibly other charges, the Plaintiff

    very likely may have a dispute regarding only a portion of the alleged balance.

36. By failing to notify the Plaintiff of his right to dispute a portion of the debt, the Plaintiff,

    along with other consumers, may be left confused which will cause them to lose their

    validation rights.

37. On information and belief, Defendant sent a written communication, in the form annexed

    hereto as **Exhibit A** to at least 50 natural persons in the United States within one year of

    the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

    herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

    violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §

1692g.

40. 15 U.S.C. § 1692g(a) sets forth the Validation Notice requirements incumbent on collection agencies and debt collection law firms. That provision states:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

41. Pursuant to 15 U.S.C. § 1692g(a)(4), a debt collector must notify a debtor that - in order for a debtor to trigger his rights to obtain verification of the subject debt – the debtor must notify the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed.

42. The Letter failed to comply with the requirements of 15 U.S.C. § 1692g(a)(4), where it failed to make any mention of the statutory requirement of that provision, specifically that in order for the Plaintiff to trigger her rights to obtain verification of the subject debt, the Plaintiff should notify the Defendant that the debt, or any portion thereof, is disputed.

43. Due to Defendant's violation of the FDCPA, neither the Plaintiff nor any least sophisticated consumer, would have any idea that they could trigger their validation rights by disputing a portion of the alleged debt, which is in direct contravention of 15

U.S.C. § 1692g(a)(4).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

      (a)    Declaring that this action is properly maintainable as a Class Action;

      (b)    Awarding Plaintiff and the Class statutory damages;

      (c)    Awarding Plaintiff and the Class actual damages;

      (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

      (e)    Awarding pre-judgment interest and post-judgment interest; and

      (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

      (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., and Yitzchak Zelman, Esq. as Class Counsel;

      (b)    Awarding Plaintiff and the Class statutory damages;

      (c)    Awarding Plaintiff and the Class actual damages;

      (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: May 17, 2016                    */s/ Ari H. Marcus*_____
                                       Ari Marcus, Esq.
                                       MARCUS & ZELMAN, LLC
                                       1500 Allaire Avenue, Suite 101
                                       Ocean, New Jersey 07712
                                       (732) 695-3282 telephone
                                       (732) 298-6256 facsimile
                                       ari@marcuszelman.com
                                       *Attorneys for Plaintiff*


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


Dated: May 17, 2016                    */s/ Ari H. Marcus*_____
                                       Ari Marcus, Esq.


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my

own knowledge and based upon information available to me at my office, the matter in

controversy is not the subject of any other action now pending in any court or in any arbitration

or administrative proceeding.


Dated:  May 17, 2016                   */s/ Ari H. Marcus*_____
                                       Ari Marcus, Esq.